| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Raymond & Raymond, Attorneys at Law<br>7 Glenwood Avenue, 4TH Floor<br>East Orange, New Jersey 07017<br>(973) 675-5622; (408) 519-6711 Telefax<br>Email: herbertraymond@gmail.com<br>Herbert B. Raymond, Esq.; Jeffrey M. Raymond, Esq., Kevin DeLyon, Esq.<br>Attorneys for the Debtor(s) | Case No.: 22-10036 VFP<br><br>Chapter: 13 |
| GODFRED FREMPONG-MANSO, DEBTOR | Adv. No.:<br><br>Hearing Date: N/A<br><br>Judge: VINCENT F. PAPALIA |

## CERTIFICATION OF SERVICE

1. I, _KENNETH RAYMOND :

    ☐ represent _____ in the this matter.

    ☒ am the secretary/paralegal for RAYMOND & RAYMOND, ESQS., HERBERT B. RAYMOND, ESQ., RECORD COUNSEL_, who represents the DEBTOR_ in the this matter.

    ☐ am the _____ in the this case and am representing myself.

2. On NOVEMBER 30, 2022, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

    Order on Motion for Authorization to Enter Into Final Loan Modification

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date:    NOVEMBER 30, 2022            /S/ KENNETH RAYMOND_
                                                            Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie-Ann Greenberg, Esq.<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd.<br>Fairfield, N.J. 07004 | CHAPTER 13 TRUSTEE | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Select Portfolio Servicing, Inc.<br>3217 S. Decker Lake Drive<br>Salt Lake City, UT 84119<br>Attn: Officer, Managing or General Agent or Any Other Agent Authorized By Appointment or By Law to Receive Service of Process<br>Attn: Randhir Gandhi, Ceo | CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>130 Clinton Rd #202<br>Fairfield, NJ 07004 | Authorized Agent and/or Attorneys for Secured Creditor | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court *) |
| **Name and Address of Party Served** | **Relationship of** | **Mode of Service** |

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b) Raymond & Raymond Attorneys at Law 7 Glenwood Avenue, 4th Floor East Orange, New Jersey 07017 (973) 675-5622; (408) 519-6711 Telefax Email: herbertraymond@gmail.com Herbert B. Raymond, Jeffrey M. Raymond, Kevin DeLyon Attorneys for the Debtor(s) | Order Filed on November 29, 2022 by Clerk U.S. Bankruptcy Court District of New Jersey |
| In Re: GODFRED FREMPONG-MANSO, DEBTOR(S) | Case No.: 22-10036 VFP Chapter: 13 Judge: Vincent F. Papalia |

### ORDER ON MOTION FOR AUTHORIZATION TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT (CHAPTER 13)

The relief set forth on the following page is **ORDERED**.

DATED: November 29, 2022

Honorable Vincent F. Papalia
United States Bankruptcy Judge

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on November 14, 2022, as to the first mortgage *[enter first, second, third, etc.]* concerning real property located at 21-23 Clifton Street, Newark, New Jersey 07114, and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

☒ The debtor is authorized to enter into the final loan modification agreement.

1) The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3) Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a *Modified Chapter 13 Plan and Motions* within 14 days of consummation of the loan modification. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4) Check one:

☒ There is no order requiring the debtor to cure post-petition arrears through the Plan; or

☐ Post-petition arrears are capitalized into the loan modification agreement, and the Order filed on _____ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or

☐ Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____; and

5) If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

☐ The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

*new.12/17/19*

2